

RECEIVED CVK
1/6/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| TARA HUDSON,<br><br>*Plaintiff,*<br><br>v.<br><br>ANDRIAN DEVDER.,<br><br>VT MOLD INC.,<br><br>*Defendant(s).* | Case No.<br><br>Presiding Judge:<br><br>Magistrate Judge: | **1:26-cv-00138**<br>**Judge Andrea R. Wood**<br>**Magistrate Judge Beth W. Jantz**<br>**RANDOM/Cat. 2**<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

I, the Plaintiff, Tara Hudson, represented pro se, bring this action against Defendants Andrian Devder (Devder) and VT Mold Inc., an interstate motor carrier, for violating Title VII of the Civil Rights Act of 1964 (Title VII); Illinois Tort Law; the Illinois Slander and Libel Act; and federal regulations listed within Title 49 CFR 395, 391.23, and 390.36. Pursuant to Title VII, and as outlined within 735 ILCS 5/2-209a.(1), (2), (3), (7), (10), (12), and b.(3), this pleading falls within this Court's jurisdiction. The matter in controversy meets the federal threshold.

## STATEMENT OF FACTS

I. As discussed within paragraph I.a. through d. of the attached letter, and as evidenced within Exhibit 1, on <u>December 17, 2025</u>, the Defendant made false, defamatory statements about me to a prospective employer, which inferred that I lack integrity in performing my employment duties. Devder's statements were reported to the Illinois Department of Human Rights (IDHR) on January 4, 2026.

II.  As discussed within paragraph II.a.(1) through (4) of the attached letter, and as evidenced within Exhibits 4 (1-4) and 6, on December 1, 2025, a prospective employer informed me that the Defendant published a false, defamatory statement about me to third party website *CDL Scan*, utilizing words which inferred that I lack integrity *in* performing, or lacked the ability *to* perform the duties of my profession. Devder's statements were reported to the IDHR on January 4, 2026.

III.  As discussed within paragraph III.a. through c. of the attached letter, on March 31, 2025, the Defendant made false, defamatory statements about me to a prospective employer, which inferred that I lack integrity in performing my employment duties, and refused to verify my employment. Devder's statements were reported to the IDHR on January 4, 2026, and to the Federal Motor Carrier Safety Administration's (FMCSA) complaint hotline on March 31, 2025.

IV.  As discussed within paragraph IV of the attached letter, on June 26, 2024, the Defendant refused to verify my employment to a prospective employer, which concealed information about my work history.  Devder's actions were reported to the IDHR on January 4, 2026.

V.  As discussed within paragraph V of the attached letter, on February 13, 2024, the Defendant made a false statement to a prospective employer about his ability to speak English, which concealed information about my work history.  Devder's actions were reported to the IDHR on January 4, 2026.

VI.  As discussed in paragraph VI.a. through k. of the attached letter, and as evidenced within Exhibits 26 through 43, from November 2021 through April 2023, the Defendant utilized ELD subscriptions One ELD/1P Logs and One UI/CN ELD to intentionally intrude upon my seclusion and private affairs via electronic surveillance.

Devder's actions were reported to the Equal Employment Opportunity Commission (EEOC) in 2023, the IDHR on February 28, 2024, January 4, 2026, and to the FMCSA in 2025.

VII.  As discussed in paragraph VIII.l. of the attached letter, after contacting the authorities to report vehicle tampering, the Defendant contacted me via phone, questioned whether I contacted the police, and stated, "*I think you should just forget about everything, this, the other stuff, and the other companies*" followed by "*remember my words*."  Devder's statements were reported to the authorities as well.

**CAUSE OF ACTION**

Count I: **Retaliation, Defamation** (Title VII, 740 ILCS 145/1): The Defendant's statements on December 17, 2025, were false, malicious, and provided to a prospective employer in retaliation to my assertion of rights under *Title VII,* which forbids an employer from retaliating against an employee for engaging in protected activities identified within the statute. His statements caused damage to my professional reputation and constitute libelous per se, pursuant to the state of Illinois' *Slander and Libel Act – 740 ILCS 145/1*.

Count II: **Retaliation, Defamation** (Title VII, 740 ILCS 145/1): The Defendant's actions and statements, which were first discovered by me on December 1, 2025, were maliciously published to third-party website *CDL Scan* in retaliation to my assertion of rights under *Title VII,* which forbids an employer from retaliating against an employee for engaging in protected activities identified within the statute. His actions and statements caused damage to my professional reputation and constitute libelous per se, pursuant to the state of Illinois' *Slander and Libel Act – 740 ILCS 145/1*.

Count III: **Retaliation, Defamation** (Title VII, 740 ILCS 145/1): The Defendant's actions and statements on March 31, 2025, were false, malicious, and provided to a prospective employer in retaliation to my assertion of rights under *Title VII*, which forbids an employer from retaliating against an employee for engaging in protected activities identified within the statute. His statements caused damage to my professional reputation and constitute libelous per se, pursuant to the state of Illinois' *Slander and Libel Act – 740 ILCS 145/1*.

Count IV: **Retaliation** (Title VII, 49 CFR 391.23): The Defendant's noncompliance on June 26, 2024, was malicious and done in retaliation to my assertion of rights under *Title VII,* which forbids an employer from retaliating against an employee for engaging in protected activities identified within the statute. His actions further violated federal regulations listed within *Title 49, CFR 391.23 – Driver Safety and Performance History*.

Count V: **Retaliation** (Title VII, 49 CFR 391.23): The Defendant's noncompliance on February 13, 2024, was malicious and done in retaliation to my assertion of rights under *Title VII,* which forbids an employer from retaliating against an employee for engaging in protected activities identified within the statute. His actions violated federal regulations listed within *Title 49, CFR 391.23 – Driver Safety and Performance History*.

Count VI: **Invasion of Privacy** (Illinois Tort Law, 49 CFR 395 Subpart B, 390.36): The Defendant's actions from November 2021 through April 2023 constituted an intrusion upon my solitude and seclusion, pursuant to *Illinois Tort Law – Intrusion Upon Seclusion*, and harassment, pursuant to federal regulation, *Title 49 390.36 - Harassment*. Both Electronic Logging Device subscriptions in question have operating systems that behave like malware and/or spyware. Their capabilities go beyond what is required of drivers and motor carriers by federal regulation, *Title 49, 395, Subpart B - Hours of Service*.

Count VII: **Retaliation, Harassment** (Title VII, 720 ILCS 5/26.5-3, 49 CFR 390.36): On November 1, 2022, I obtained physical evidence that confirmed the Defendant's ability to invade my privacy via electronic surveillance. Devder is aware that I was given access to his account and obtained evidence. I reported the Defendant and his motor-carrier to the EEOC. His statement, "*I think you should just forget about everything, this, the other stuff, and the other companies*" concerned the police report that I made on that day (*this*), the invasion of privacy (*other stuff*) and other Chicagoland motor carriers that I've worked with (*other companies*). "*Remember my words*" was a threat of retaliatory action and stated in an attempt to intimidate and silence me. I have experienced contempt, harsher scrutiny, harassment and denial of employment spanning two years behind the Defendant's actions. During the month of December 2025, I became aware of the Defendant's online statements. The Defendant's words and actions violated *Title VII,* which forbids an employer from retaliating against an employee for engaging in protected activities identified within the statute; *720 ILCS 5/26.5-3 – Harassment through Electronic Communications*, which forbids a person from utilizing electronic communications to make comments or threats with the intent to intimidate another person; and *Title 49 390.36 – Harassment,* which forbids a motor carrier from harassing a driver.

**DAMAGES**

The Defendant's actions caused irreparable damage to my professional reputation, which directly contributed to a pattern of employment discrimination, resulting in a loss of employment income, consumer creditworthiness, an inability to meet my financial obligations, housing insecurity, food insecurity, loss of family inheritance, and severe emotional distress.

**REQUESTED REMEDIES**

Plaintiff seeks *compensatory damages* in the amount of **$1,000,000.00** to offset the irreparable damage caused to my professional reputation, loss of opportunity, loss of employment income, future loss of income, unmet financial obligations, housing insecurity, food insecurity, loss of inheritance, severe mental anguish, and loss of enjoyment of life.

Plaintiff seeks *punitive damages* in the amount of **$2,500,000.00** for Intentional Infliction of Emotional Distress.

Plaintiff seeks *equitable relief* in the form of a ***Cease-and-Desist Order,*** demanding that the Defendant remove all false, defamatory statements about my employment history from employment verification forms and third-party websites. Plaintiff respectfully requests expedited issuance of this relief to assist with obtaining meaningful employment.

Plaintiff seeks *equitable relief* in the form of a ***multi-state permanent injunction*** to prevent future harm, and a ***multi-state prohibitory injunction*** to prevent future defamatory acts from this carrier, or the publishing of my name to any third-party platform for any reason. Plaintiff respectfully requests expedited issuance of this relief to assist with obtaining meaningful employment.

DATED: January 5, 2026        Respectfully Submitted,

By: /s/Tara Hudson
9449 S. Kedzie Avenue, Suite 396
Evergreen Park, Illinois 60805
Email: hudson9409@gmail.com
Comm: (708) 996-0929

Pro Se Litigant